NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  :  :  Plaintiff,  :  v.  :  LOCAL 69 OF THE HOTEL EMPLOYEES  : AND RESTAURANT EMPLOYEES INTERNATIONAL UNION,  :  Defendants.  : | Civ. No. 02-1733  (GEB)  **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon J.I.H. Network, LLC's ("JIH") Motion to Confirm the Arbitration Award and Enter Final Judgment. The Court, having reviewed the parties' written submissions, grants JIH's motion for the reasons discussed herein.

**I.    BACKGROUND**

This action arises out of a contract effective October 1, 1998 (the "Contract") between Local 69 of the Hotel Employees and Restaurant Employees International Union ("Local 69") and JIH. (*See* Contract, Declaration of J. Spivack ("Spivack Decl.") Ex. B.) On April 17, 2002, this Court issued a Consent Decree (the "Consent Decree") placing Local 69 under the trusteeship of Kurt Muellenberg and appointing him as the independent monitor for Local 69 ("the Monitor"). (*See* April 17, 2002 Consent Decree, Spivack Decl. Ex. A, ¶ 7.) Shortly thereafter, in April 2002, Local 69 ceased payment of fees to JIH under the Contract. (*See* October 25, 2002 Letter from K. Muellenberg ("Muellenberg Letter"), Spivack Decl. Ex. C, at 2.) Citing its concerns that the Contract may have violated ERISA and related regulations, Local 69 officially terminated the

Contract in October 2002.  (*See* October 11, 2002 Letter from D. Willig ("Willig Letter"), Spivack Decl. Ex. D.)

At the Monitor's request, this Court held on October 25, 2002 that it would retain jurisdiction over any and all disputes between Local 69 and JIH, and that "no payments of any amounts owing to or claims by JIH" would be made by Local 69 to JIH without prior approval of the Court. (*See* October 25, 2002 Order (the "October 2002 Order"), Spivack Decl. Ex. E.)  On May 19, 2003, JIH issued a request for arbitration over the unpaid fees under the Contract. (*See* Declaration of H. Schwarzschild ("Schwarzschild Decl.") ¶ 4.)  On June 19, 2003, Local 69 moved this Court to stay arbitration. (*See* Def. Mot. Stay.) On July 23, 2003, JIH filed an opposition to Local 69's motion to stay, and cross-moved for an order vacating the October 2002 Order and compelling arbitration. (*See* Pl. Opp. Mot. Stay.)

The parties held telephone conferences with the Court on August 6 and 13, 2003, to discuss these pending motions. (*See* Defendants' Memorandum of Law in Opposition to JIH Network's Motion to Confirm the Arbitration ("Def. Opp. Br.") at 3-4.)[1]  During the August 13, 2003 call, the Monitor revealed to the Court  that the Department of Labor ("DOL") had begun an investigation into possible ERISA violations relating to the Contract.  The Court, with Local 69's consent, found that the arbitration should not be held up by the DOL's investigation. (*See* Transcript of August 13 Teleconference (the "August 13 Transcript"), Spivack Decl. Ex. F, at 4-5) ("Mr. Muellenberg: . . . and I just want to make sure that as this arbitration is going forward that everybody is aware that an independent investigation by the  United Department of Labor [sic] is taking place. . . . The Court:

---

[1] Effective January 1, 2006, Local 69 merged with Unite Here National Health Fund ("NHF").  Pl. Br., at 1.  The resulting entity is known as NHF.  The Court will refer to defendants, for the purposes of this opinion, as "Local 69."

All right. So there's no reason why the arbitration can't go forward with that one proviso, is that right, Mr. Muellenberg? Mr. Muellenberg: That's correct.")[2]

Finally, on August 20, 2003, this Court denied Local 69's motion to stay, and modified the October 2002 order to provide that all disputes between Local 69 and JIH would be submitted to binding arbitration before the Honorable Nicholas H. Politan (the "Arbitrator"). The Court also confirmed that it would retain jurisdiction over all disputes between Local 69 and JIH for the limited purpose of reviewing any decision of the Arbitrator. (*See* August 21, 2003 Court Order (the "August 2003 Order"), Certification of M. Mandel ("Mandel Cert.") Ex. A.) Local 69 and JIH then entered into an Agreement for Arbitration Services with the Arbitrator, providing, in part, that they "retained Arbitrator to arbitrate the issue(s) that they submit to final and binding arbitration, pursuant to paragraph 14 of their Agreement dated October 1, 1998." (*See* Agreement for Arbitration Services (the "Arbitration Agreement"), Mandel Cert. Ex. B, ¶ 3.)

On April 3, 2006, the Arbitrator rendered his opinion, awarding JIH $567,916.55 under the Contract. (*See* Mandel Cert. Ex. D.) JIH now seeks a judgment enforcing the Arbitrator's award.

## II.    DISCUSSION

### A.    Standard for Entry of Judgment Upon Arbitration Award

The entry of judgment by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act (the "F.A.A."):

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration

---

[2] In September 2004, Local 69 filed a complaint against its former service providers and trustees, and the DOL filed a complaint against Local 69. Pl. Opp. Br., at 4-5. Both suits alleged violations of ERISA relating to the Contract. *Id.*

may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C.A. § 9.

Section 10 of the F.A.A., in turn, provides that the district court may vacate an arbitrator's award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10.

Courts have interpreted these grounds for vacation of an arbitration award very narrowly, as "[d]istrict courts have very little authority to upset arbitrators' awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995); *see also Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 261 F. Supp. 832, 835 (D.N.J. 1966) ("It is the general rule that the courts will refuse to review the merits of an arbitration award."), *aff'd* 397 F.2d 594 (3d Cir. 1968).  "Only when an arbitrator acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's determination, may a court invade the province of the arbitrator." *Local 1589*, at 380 (quotations omitted), *quoting United Indus. Workers, Service, Trans., Prof'l Gov't of North America v. Gov't of the Virgin Islands*, 987 F.2d 162, 170 (3d Cir. 1993); *see also Local 863 Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and*

*Helpers of America v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985) ("An award may be set aside only in limited circumstances, for example, where the arbitrator's decision evidences manifest disregard for the law rather than an erroneous interpretation of the law."), *cert. denied*, 475 U.S. 1085 (U.S. Mar. 24, 1986) (No. 85-1313).

B.  **Enforcement of the Arbitration Award**

   1.  **Enforcement under F.A.A. § 9**

Section 9 of the Federal Arbitration ("F.A.A.") compels the entry of an order on the Arbitrator's award in favor of JIH. JIH and Local 69 agreed that their contractual dispute would be resolved by "final and binding arbitration." (*See* Arbitration Agreement, Mandel Cert.. Ex. B, ¶ 3 ("The Parties hereby retain Arbitrator to arbitrate the issue(s) that they submit to *final and binding* arbitration.") (emphasis added); *see also* Contract, Spivack Decl. Ex. B, at 6 ("Any dispute between the parties shall be resolved by *final and binding* arbitration.") (emphasis added.) Local 69's consent to an entry of judgment on the arbitration award under F.A.A. § 9 can be implied not only from the aforementioned language of the Contract and the Arbitration Agreement, *see Milwaukee Typographical Union. No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389-90 (7th Cir. 1981) (finding contract language indicating that arbitrators' decision would be "final and binding" sufficient to imply consent to an entry of judgment on an arbitration award under Section 9 of the F.A.A.); *see also Kallen v. District 1199, Nat'l Union of Hospital Employees*, 574 F.2d 723,726 (2d Cir. 1978) (same); *Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F. Supp. 340, 346 (D.N.J. 1997) (same), but also from the parties' agreement, under paragraph 14 of the Contract, that "either party may enforce an award by judgment on that award in accordance with the laws of the State of New Jersey." Spivack Decl. Ex. B, at 6.

As this Court has also retained jurisdiction "over all disputes between the Fund and JIH for the limited purpose of reviewing any decision of the Arbitrator" (*see* August 2003 Order), and since JIH moved before this Court for an order confirming the Arbitrator's award within a year of the Arbitrator's decision, this Court must confirm the award under F.A.A. § 9 unless "the award is vacated, modified, or corrected as prescribed in section[] 10 . . . of this title." 9 U.S.C. § 9.  Neither vacation of the Arbitrator's award nor Local 69's proposed postponement of the entry of judgment on the Arbitrator's award is warranted here.

### 2. Local 69's ERISA Claims

Local 69 argues that the Arbitrator's award cannot be enforced because its Employment Retirement Income Security Act ("ERISA") claims were not resolved by the Arbitrator, and the parties' rights under the Contract have therefore not been fully adjudicated.  *See* Def. Opp. Br. at 2.  The record does not support Defendants' claims.  Local 69 had the opportunity to submit its ERISA claims to arbitration, and did in fact present the Arbitrator with a significant amount of evidence relevant to those claims.

"[S]tatutory ERISA claims are subject to arbitration under the FAA when the parties have executed a valid arbitration agreement encompassing the claims at issue." *Pritzker v. Merrill Lynch*, 7 F.3d 1110, 1112 n.1 (3d Cir. 1993); *see also Bird v. Shearson Lehman*, 926 F.2d 116, 118-19 (2d Cir. 1991) ("we hold that statutory claims arising under ERISA may be the subject of compulsory arbitration.").  Neither party disputes the validity of the Arbitration Agreement in the case at bar.  It is also beyond contention that the Arbitration Agreement encompasses Local 69's ERISA claims.  Indeed, paragraph 14 of the Contract provides that "[a]ny dispute between the parties" is to be submitted for arbitration, (*see* Contract, Spivack Decl. Ex. B, at 6), and the Arbitration Agreement,

in turn, purports to cover all issues submitted to arbitration under paragraph 14 of the Contract. (*See* Mandel Cert. Ex. B, ¶ 3.)  Local 69 therefore had the opportunity to submit its ERISA claims to the Arbitrator.

A review of the record indicates that Local 69 took advantage of that opportunity and proffered evidence to the Arbitrator relating to those claims.  In particular, Local 69 introduced testimony relating to Section 408(b) of ERISA, which provides that trustees may enter into contracts with parties in interest for services necessary for the establishment or operation of the plan provided that the contracting is "reasonable" and that "no more than reasonable compensation is paid."  29 U.S.C.A. § 1108(b)(2).  Most notably, the Arbitrator heard the testimony of at least two witnesses relating to the issue of the Contract's reasonableness.  (*See* Testimony of Josh Nemoy ("Nemoy Test.") Mandel Supp. Cert. Ex. D, T:629:3-17) (testimony regarding claims processing, payment of in-network and out-of-network claims and the nature of the financial arrangement between Local 69 and JIH); (*see also* Testimony of Local 69 Expert Witness Edward Kaplan ("Kaplan Test.") Mandel Supp. Cert., Ex. D, T:1105:1 to T1107:12) (opining that the Contract was unreasonable and uncompetitive).  Tellingly, the Arbitrator's opinion addressed the reasonableness of the Contract and the services provided by JIH.  (*See* Mandel Cert. Ex. D, at 2, 4, 16) (discussing the increased benefits received by members under the plan.)

This Court therefore finds that Local 69 had the opportunity to present evidence relating to its ERISA claims.  While Local 69 alleges that the Arbitrator "restricted" to some extent its ability to argue the ERISA claims, that allegation, even if true, does not in the case at bar demonstrate a "manifest disregard of the law" on the Arbitrator's part sufficient to justify *vacatur* under F.A.A. § 10.  *See Local 1589*, at 380.

### 3.    Local 69's Corruption and Fraud claims

Local 69 further argues that the award cannot be enforced because the Arbitrator allegedly failed to "consider allegations of fraud or corruption in the Award." Def. Opp.. Br. at 9. The Court is not convinced by Defendants' argument.

The Arbitrator was presented with testimony on the "history of alleged corruption and reasons leading to [the] monitorship" from the Monitor himself, (*see* Pl. Rpl. Br., at 16, *citing* Mandel Supp. Cert. Ex. D, T:566:23 to T:567:4) and testinony from a Deputy Monitor, John Boardman, relating to JIH's lack of involvement in any of Local 69's "decisions as they relate to matters of finance or how the trustees were running the Fund." (*See* Mandel Supp. Cert. Ex. D, T566:23 to T567:4.) The Arbitrator's finding that there was "no evidence" to support Local 69's allegations of fraud and corruption was therefore made with knowledge of the available facts, and after Local 69 had been given the opportunity to present all evidence relating to those allegations. (*See* Mandel Cert. Ex. D, at 1, 15.)

### III.    CONCLUSION

Defendants have failed to prove that this Court should postpone entering judgment on the Arbitrator's Award, and have offered no evidence to show that the award was reached with "manifest disregard of the law." This Court therefore grants JIH's Motion to confirm the Arbitration Award and Enter Final Judgment under F.A.A. § 9.

Dated September 7, 2006

                                                  <u>s/ Garrett E. Brown, Jr.</u>  
                                                  GARRETT E. BROWN, JR., U.S.D.J.